IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WENDY K. BIAS,                      )
                                    )
            Plaintiff,              )
                                    )
v.                                  )  Case No. CIV-13-288-KEW
                                    )
CAROLYN W. COLVIN, Acting           )
Commissioner of Social              )
Security Administration,            )
                                    )
            Defendant.              )

**OPINION AND ORDER**

Plaintiff Wendy K. Bias (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 4, 1967 and was 44 years old at the time of the ALJ's decision.  Claimant completed her high school education.  Claimant has no past relevant work.  Claimant alleges an inability to work beginning July 9, 2009 due to limitations resulting from chronic obstructive pulmonary disease ("COPD") and degenerative disc disease.

### Procedural History

On June 18, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 15, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Charles Headrick in Tulsa, Oklahoma. By decision dated March 21, 2012, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on May 8, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform a proper determination at steps 4 and 5; (2) failing to properly evaluate the medical and non-medical source evidence; and (3) failing to perform a proper credibility analysis.

**Step Five Evaluation**

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease and COPD. (Tr. 11). The ALJ determined Claimant retained the RFC to perform a full range of light work. (Tr. 12).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of housekeeping cleaner, self service store attendant, and cashier II, all of which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 16-17). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 17).

Claimant contends the ALJ failed to consider her non-severe mental impairments in his hypothetical questioning of the vocational expert and in his RFC evaluation. The ALJ concluded Claimant had only a mild limitation in the "B" criteria category of social functioning. The ALJ found the limitation to be non-severe. (Tr. 12).

While the ALJ must consider both severe and non-severe limitations in reaching his RFC determination, the fact he found mild limitations in the B criteria "does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." Beasley v. Colvin, 2013 WL 1443761, 5 (10th Cir.). The ALJ expressly stated that he considered the mild limitation in social functioning in his RFC assessment but he did not find a

5

functional limitation arising from it. (Tr. 12). He also assessed the combined effect of Claimant's mental limitations in determining Claimant did not meet a listing. (Tr. 12). Contrary to Claimant's arguments, the ALJ did not ignore his finding of limitation. As such is the case, the ALJ did not err in failing to include the limitation in the hypothetical questioning of the vocational expert at step five.

**Evaluation of Source Evidence**

Claimant contends the ALJ failed to "apply the proper framework to explain how he assessed the weight he gave" to the opinions of the consultative examiners. The ALJ referenced the consultative examination by Dr. Traci Carney conducted September 4, 2010. In the physical examination, Dr. Carney found Claimant did have some decreased breath sounds with her chest symmetrical with equal expansion bilaterally. Lung fields were clear to auscultation with no rales, rhonchi, or wheezes noted. Pain was elicited in all range of motions of the lumbar spine with associated tenderness. The cervical spine was non-tender with full range of motion. The thoracic spine was non-tender with full range of motion. Claimant's gait was safe and stable with appropriate speed. She did not ambulate with the aid of assistive devices, had no identifiable muscle atrophy, with normal heel/toe walking, and a tandem gait

within normal limits. (Tr. 267-68).

Dr. Carney assessed Claimant with chest pain, probably secondary to costochondritis vs. musculoskeletal; COPD, noting Claimant has a 30 year pack history of tobacco abuse but also noting Claimant reported the tobacco abuse had stopped; low back pain, with a history of degenerative disc disease at L5-S1. (Tr. 268).

Claimant was also evaluated for mental impairments by Dr. Janice B. Smith on December 9, 2010 and Dr. Cynthia Kampschaefer who reviewed Dr. Smith's evaluation and the medical records on February 24, 2011. (Tr. 281-93; 303). Neither found Claimant suffered from any severe mental impairments. Id.

Claimant was evaluated for physical impairments by Dr. Penny Aber on January 4, 2011 and Dr. James Metcalf who reviewed Dr. Aber's evaluation and the medical records on March 7, 2011. (Tr. 296-99; 304). These physicians supported the ALJ's finding that Claimant could perform light work. Id.

Although Claimant is critical of the ALJ's failure to include the weighing analysis in detail with regard to these physicians' records and opinions, the ALJ did discuss these medical evaluations and adopted their findings in his RFC determination. (Tr. 12). Claimant does not, however, at any no point in her arguments state how any of the referenced medical opinions supported her assertion of disability or additional impairments or was contrary to the

7

stated RFC.  Indeed, the cited medical evidence supports the RFC assessment made by the ALJ for light work.  As a result, any failure of the ALJ to provide a weight analysis of these evaluations is considered harmless error and does not warrant a reversal.  *See e.g.* Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (approving harmless-error analysis when "based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.").

**Credibility Determination**

Claimant asserts the ALJ failed to engage in a proper credibility determination by improperly evaluating her subjective statements of limitation and pain.  The ALJ stated in his decision that Claimant's credibility was suspect because (1) she offered inconsistent statements regarding which she quit smoking; (2) she stated she used her medications inconsistently because of finances when the record indicates she received her medication from the Good Shepherd Clinic without cost; and (3) while Claimant alleged pain at various times to be 8 out of 10 or 10 out of 10, her performance during the consultative physical examinations provided little support for such debilitating pain.

8

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give

reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ appropriately linked the medical record and discrepancies in Claimant's testimony in discounting her credibility. This Court finds no error in his assessment.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE